ANDRUS v. BERKSHIRE POWER CO. GRIFFITH v. SAME. HUGHES v. SAME.

(District Court, D. Connecticut. July 10, 1912.)

Nos. 1,207, 1,208, 1,209.

DAMAGES (§ 69*)—INJUNCTION (§ 200*)—INTEREST—ALLOWANCE IN EQUITY.

Where complainants were denied a mandatory injunction to compel the removal of a dam, and, although the court offered them the right to prove and recover damages for flowage in the pending suit, they refused to do so and prosecuted appeals which were unsuccessful except that the appellate court gave them the same right, reversing the decree for that purpose, they are not entitled to interest on the damages subsequently awarded nor to costs made in the unsuccessful attempt to obtain an injunction.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 137–140; Dec. Dig. § 69;* Injunction, Cent. Dig. § 420; Dec. Dig. § 200.*

Right to costs in equity, see note to Tug River Coal & Salt Co. v. Brigel, 17 C. C. A. 368.]

In Equity. Suit by Myron W. Andrus against the Berkshire Power Company, John A. Griffith against the same, and Patrick Hughes against the same. On exceptions by both parties to master's report in each case. Exceptions overruled.

See, also, 169 Fed. 732, 734.

C. Walter Artz, of New York City, and Henry H. Townshend, of New Haven, Conn., for complainants.

Arthur L. Shipman, of Hartford, Conn., and J. Henry Roraback, of Canaan, Conn., for defendant.

PLATT, District Judge. Every exception filed by the defendant to the master's reports, which attacks his integrity and conduct in connection with the hearings, was expressly disavowed when the matter came before me on argument, and must be stricken from the record. The clerk will promptly attend to this matter, and, if in doubt as to his dealing with any paragraph or portion of a paragraph in the ex-

ceptions, he may ask my advice thereon. I have known the master intimately ever since my term of office began, and am shocked that counsel could bring themselves to say such things about him, as appear in their exceptions. I should order them off the record, even if upon second thought counsel had not seen fit to disclaim them.

As to the facts with which the master's reports deal, I learned much about them when the cases were before me on motion for injunction, and am satisfied that the amount at which he places the damage in each case is substantially right, and I shall accept it as the basis of my finding.

It is assumed that interest on those amounts from 1905 is in the nature of damage, for the detention of payment, and, viewing it in that light, it is clear to me that it ought not to be added. In each case it is the complainant's fault that he did not receive his just dues sooner. An opportunity was given them when the testimony was first taken in open court, to avail themselves of their equitable rights and go to a master; but they refused the offer. They pushed along in a vain endeavor to obtain an injunction, which was the main form of relief sought. They scouted the alternative remedy and fought persistently for the other up to the Supreme Court and back again. Their action has estopped them from asking or receiving any extra damage for the delay in getting what they might have had long ago.

The same principle applies to the question of costs. They are entitled to exactly their pound of flesh, which is, whatever costs can be properly charged to their effort to obtain the relief which they are now getting. They are certainly not entitled to any costs which have arisen by reason of their wild chase after a rainbow which they never reached. As an operative principle this precludes them from any costs based on their attempt to get injunction relief in this court, or in any other.

The exceptions filed by all parties, so far as they exist after the order to strike out has been enforced, are overruled, and decrees must be entered for the amounts found by the master to be due, with interest from the date of the filing of the reports, with costs taxed in the manner above outlined.